UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

ERIC ABDULLAH WELCH,

                 Plaintiff,

v.                                    Case No. 3:10-cv-823-J-12TEM

WALTER A. MCNEIL,
etc.; et al.,

                 Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate incarcerated at Charlotte Correctional Institution, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff names twenty-three Defendants, including: (1) Walter A. McNeil, the Secretary of the Florida Department of Corrections; (2) fourteen employees at Hamilton Correctional Institution; (3) four employees at Charlotte Correctional Institution; (4) three employees at Wakulla Correctional Institution; and (5) The Honorable Darryl C. Casanueva, Chief Judge of Florida's Second District Court of Appeals.

Upon review, this case will be dismissed due to the following deficiencies. As an initial matter, Plaintiff failed to sign the Complaint[1] in accordance with Fed. R. Civ. P. 11, Local Rule

---

[1] Indeed, Plaintiff appears to have omitted the final page(s) of the Complaint because it abruptly ends in the middle of a sentence on page 8(A).

1.05(d), and the "Instructions for Filing a Civil Rights Complaint by Prisoners under the Civil Rights Act, 42 U.S.C. § 1983." In the instruction sheet sent with the Complaint form, Plaintiff was notified that his failure to comply with the instructions to the civil rights complaint may result in the dismissal of his action.

Moreover, the allegations in the Complaint pertain to Plaintiff's criminal conviction and events that allegedly occurred at the Orlando Reception Center and Gulf Correctional Institution. Thus, none of the allegations in the Complaint appear to have any causal connection with the named Defendants.

For these reasons, Plaintiff's case will be dismissed. However, the Court will direct the Clerk to send Plaintiff several forms so that he may properly present his claims in the appropriate courts. Plaintiff should note that unrelated claims against defendants at different institutions may not be raised in the same complaint.[2]

---

[2] Any complaint regarding the conditions of Plaintiff's confinement at Hamilton Correctional Institution should be filed in the Jacksonville Division of this Court. However, any complaint regarding the conditions of Plaintiff's confinement at Charlotte Correctional Institution should be filed in the Fort Myers Division of this Court. Any complaint regarding the conditions of Plaintiff's confinement at the Orlando Reception Center should be filed in the Orlando Division of this Court. Any complaint regarding the conditions of Plaintiff's confinement at Wakulla Correctional Institution or Gulf Correctional Institution should be filed in the United States District Court for the Northern District of Florida.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's case is dismissed without prejudice.

2. The **Clerk of the Court** shall enter judgment dismissing this case without prejudice, and close this case.

3. The **Clerk of the Court** shall send five copies of the civil rights complaint form, affidavit of indigency form, and the prisoner consent form to Plaintiff. If Plaintiff elects to file his claims in separate actions in the appropriate courts, he may complete and submit these forms. Plaintiff should not place this case number on the forms.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of September, 2010.

                                    Howell W. Melton
                              UNITED STATES DISTRICT JUDGE

ps 9/13
c:
Eric Abdullah Welch